HORTON, J.,
concurring.
I join in the Court’s opinion. I write separately to further explain why I join in the Court’s decision in Part V(B) of the Court’s opinion, upholding the district court’s determination that paragraph 7 of Gerdon’s affidavit should be stricken.
Rule 56(e), I.R.C.P., addresses the form of affidavits to be submitted in connection with summary judgment proceedings. The rule specifies: “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Gerdon’s affidavit recites, in pertinent part:
2. The information contained herein is of your Affiant’s own personal knowledge and/or belief in this matter.
*246 3. That your Affiant is competent to testify to the matters stated herein.
(emphasis added).
The qualifying language “and/or belief” contravenes the rule’s requirement that the contents of an affidavit be based upon personal knowledge of the affiant. The assertion, found in paragraph 3, that Gerdon “is competent to testify to the matters stated herein” falls woefully short of the rule’s requirement that the affidavit “shall show affirmatively that the affiant is competent to testify to the matters” addressed in the affidavit.
Paragraph 7 of Gerdon’s affidavit contains the following statement: “because Defendant Joshua Rydalch was on Affiant’s team and it was your Affiant’s day off on the day of the accident, it was therefore Defendant Joshua Rydalch’s day off.” The affidavit contains no facts constituting an explanation why team membership had any correlation with team member’s work schedules.
Given the prefatory statement in Gerdon’s affidavit, it is equally likely that paragraph 7 is based upon Gerdon’s “belief’ as it is based upon unrevealed facts of which Gerdon has personal knowledge. Accepting both propositions as potentially being true, the affidavit was properly stricken as: (a) not based upon Gerdon’s personal knowledge; or (b) conelusory, because the affidavit failed to “show affirmatively” that Gerdon was competent to make the statement based upon personal knowledge of predicate facts. In either event, the district court properly concluded that paragraph 7 of Gerdon’s affidavit was inadmissible and therefore not properly considered in these summary judgment proceedings.